UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**Santander Consumer USA Inc.,**
and
**Drive Trademark Holdings LP,**
    Plaintiffs,

v.

**Mark Walsh**
**Inofin, Inc.**
**DRIVE USA 1, Inc.**
**DRIVE USA 2, Inc.,**
**DRIVE USA 3, Inc., and**
**DRIVE USA 4, Inc.,**
    Defendants.

CIVIL ACTION NO. _____

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION AND JURY DEMAND**

   Plaintiffs, Santander Consumer USA Inc. and Drive Trademark Holdings LP (both Plaintiffs are hereinafter sometimes referred to as "Drive"), file this Complaint and Request for Declaratory Judgment against Defendants Mark Walsh, Inofin, Inc., Drive USA 1, Inc., Drive USA 2, Inc., Drive USA 3, Inc. and Drive USA 4, Inc.

**I.
INTRODUCTION**

   1. Since the late 1990s, Drive has offered automotive financing services to American consumers under the service marks "DRIVE," "DRIVE FINANCIAL SERVICES," and other stylized versions of these marks. Drive has a $4 billion non-prime auto portfolio originated from more than 12,000 dealer partners in 37 states in the United States. The company services retail

installment contracts for more than 300,000 customers.  It employs approximately 930 people at its Dallas headquarters and in sales positions throughout the country.

2. Over the years, Drive had extensively advertised and promoted their automotive financing services using these marks.  Subsequently, Drive developed immeasurable goodwill in its service marks, and has registered them with the United States Patent & Trademark Office.

3. This is a declaratory judgment and trademark infringement action against Defendants Mark Walsh, Inofin, Inc., Drive USA 1, Inc., Drive USA 2, Inc., Drive USA 3, Inc. and Drive USA 4, Inc. over their use of the DriveUSA term commercially nationwide, the advertising and promotion of the DriveUSA term, and the administration and publication of the web site www.driveusa.com, an automotive dealership and financing website that features subprime loan services.  The Defendants' advertising, commercial efforts and web site prominently feature the mark, "DriveUSA," which infringes upon Drive's registered trademarks.

## II.
## JURISDICTION AND VENUE

4. This is an action presented to the Court for declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the Lanham Act, 15 U.S.C. §§ 1051 et seq.

5. This Court possesses subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. The Court also possesses supplemental jurisdiction over Drive's state law claim under 28 U.S.C. §§ 1338 and 1367.

6. The Court possesses general personal jurisdiction over Defendants Mark Walsh, Inofin, Inc., Drive USA 1, Inc., Drive USA 2, Inc., Drive USA 3, Inc. and Drive USA 4, Inc.

because they engage in continuous and systematic activities within the Commonwealth of Massachusetts, and, with the exception of Drive USA 3, Inc., they maintain their principal places of business in the Commonwealth of Massachusetts.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

### III.
### THE PARTIES AND MATERIAL PREDICATE FACTS

8. Plaintiffs bring these claims for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. This action is also brought under 15 U.S.C. §§ 1051 et seq. (Lanham Act), Tex. Bus. & Com. Code § 16.29, M.G.L. c. 93A, §§ 2 and 11 and common law.

9. Santander Consumer USA Inc. is a corporation with its principal place of business at 8585 North Stemmons Freeway, Suite 1100-North, Dallas, Texas 75247.

10. Drive Trademark Holdings, LP is a limited liability company with its principal place of business at 8585 North Stemmons Freeway, Suite 1100-North, Dallas, Texas 75247.

11. Mark Walsh is an individual whose principal place of business in Bridgewater, Massachusetts. Mark Walsh may be served with process at 890 Pleasant St., Bridgewater, Massachusetts 02324.

12. Inofin, Inc. ("Inofin") is a Massachusetts corporation whose principal place of business in Rockland, Massachusetts. Inofin may be served with process by serving its registered agent, Corporation Service Company, at 84 State Street, Boston, Massachusetts 02109.

13. Drive USA 1, Inc. ("Drive USA 1") is a Massachusetts corporation with its principal place of business in Raynham, Massachusetts. Drive USA 1 may be served with process by serving its registered agent, Mark Walsh, at 890 Pleasant St., Bridgewater, Massachusetts 02324.

14. Drive USA 2, Inc. ("Drive USA 2") is a Massachusetts corporation with its principal place of business in Springfield, Massachusetts. Drive USA 2 may be served with process by serving its registered agent, Mark Walsh, at 890 Pleasant St., Bridgewater, Massachusetts 02324.

15. Drive USA 3, Inc. ("Drive USA 3") is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Drive USA 3 may be served with process by serving its registered agent, Marco P. Uriati, at 10 Weybosset Street, 8th Floor, Providence, Rhode Island 02903.

16. Drive USA 4, Inc. ("Drive USA 4") is a Massachusetts corporation with its principal place of business in Bridgewater, Massachusetts. Drive USA 4 may be served with process by serving its registered agent, Mark Walsh, at 890 Pleasant St., Bridgewater, Massachusetts 02324.

## IV.
## DRIVE AND THE DRIVE MARKS

### A.  Drive

17. Drive is one of the fastest-growing companies in the automotive finance sector. Drive is a leading provider of finance programs that cover the entire non-prime spectrum. Drive began originating loans in 1997, and is headquartered in Dallas.

18. Drive has a $4 billion non-prime auto portfolio originated from more than 12,000 dealer partners in 37 states in the United States. The company services retail installment contracts for more than 300,000 customers. It employs approximately 930 people at its Dallas headquarters and in sales positions throughout the country.

### B.  The Drive Marks

19. Beginning at least as early as 1999, Drive has provided and continues to provide automotive finance services under a the trademark "DRIVE" in interstate commerce in connection with, among other things, automotive financial services, including the origination of loans, purchasing of loans, and servicing auto loans.

20. Since at least as early as 1999, Drive has also developed and used in interstate commerce a related series of logos, including a stylized "D" used both alone and in connection with the words "Drive" and "Drive Financial Services" in a distinctive stylized design, depictions of which follow:

      

Figure 1                                Figure 2                                Figure 3

21. On November 6, 2001, the United States Patent and Trademark Office awarded Drive U.S. Trademark Registration No. 2,503,943 for its logo "DRIVE" with its stylized "D," and for the word mark "Drive," a depiction of which appears as Figure 1 above.

22. On November 6, 2001, the United States Patent and Trademark Office also awarded Drive U.S. Trademark Registration No. 2,503,946 for its stylized "D" logo, a depiction of which appears as Figure 2 above.

23. On December 4, 2001, the United States Patent and Trademark Office also awarded Drive U.S. Trademark Registration No. 2,514,867 for its logo "DRIVE FINANCIAL SERVICES" with its stylized "D," a depiction of which appears as Figure 3 above.

24. On April 18, 2006, the United States Patent and Trademark Office also awarded Drive U.S. Trademark Registration No. 3,081,262 for the standard word mark "DRIVE."

25. 25. On April 18, 2006, the United States Patent and Trademark Office also awarded Drive U.S. Trademark Registration No. 3,081,414 for the standard word mark "DRIVE FINANCIAL SERVICES."

26. Collectively, the five registered marks and the word marks "Drive," "Drive Financial," and "Drive Financial Services" are referred to as the "**Drive Marks**."

27. True and correct copies of the registrations of the Drive Marks are attached as **Exhibit 1**.

28. As inherently distinctive marks, the Drive Marks are protectable marks under the Lanham Act.

29. Registration of the Drive Marks constitutes prima facie evidence of the protectability of those marks.

30. Drive uses the Drive Marks in virtually every aspect of its business, including oral communications and written correspondence with borrowers and the automobile dealers from whom Drive purchases the contracts it services.

31. During this period of time, Drive has extensively advertised and promoted the Drive Marks in connection with its services throughout the United States.  As a result of Drive's extensive use and promotion of the Drive Marks throughout the United States, the Drive Marks have become widely known and recognized among consumers and members of the industry as identifying Drive as the source of Drive's services.  As a result, Drive has acquired valuable rights in the Drive Marks, including common law trademark rights in these marks.

32. Since 1999, Drive (and Drive's predecessors) has maintained a web site available for viewing nationally and internationally that promotes and advertises its services, drivefinancial.com.

33. The web site prominently features the "DRIVE" trademark in both standard words and stylized font.

## V.
## DEFENDANTS' INFRINGEMENT

34. Long after Drive's initial adoption and use of the Drive Marks, and with the effect of improperly trading upon the valuable goodwill of the Drive Marks, one or more of the Defendants, without authorization or consent, began using marks that are confusingly similar and nearly identical to the Drive Marks, in connection with the promotion, advertising, and/or sale of various goods and services in, and affecting interstate commerce with, the United States.

35. Upon information and belief, Defendants are engaged in the business of providing auto purchasing and auto financing services in the automobile services industry to customers on a nationwide basis.

36. In particular, Defendants' marketing literature states that Defendants provide "[our] customers a full-line of high quality vehicles that will exceed your expectations, regardless of your credit history" in connection with the use of the term "DriveUSA".

37. Defendants represent that they provide specialized automobile financing services and that they are "experts in the subprime market and really can help you purchase and finance a quality vehicle regardless of your past credit."  See **Exhibit 2**.

38. In connection with Defendants' automobile purchasing and financing services, Defendants filed an application to register the DriveUSA mark with the Patent and Trademark Office in June 2004 which Plaintiff subsequently opposed in the Trademark Trial and Appeal Board.

39. In addition, on April 3, 2007, Defendants filed a Cancellation action against Drive's U.S. Trademark Registration No. 3,081,262 for the standard word mark "DRIVE" and U.S. Trademark Registration No. 3,081,414 for the standard word mark "DRIVE FINANCIAL SERVICES."

40. Upon information and belief, Defendants registered, or participated in the registration of, and are using the domain name, www.driveusa.com.

41. Defendants' driveusa.com web site also prominently features a mark prominently featuring the word "drive" in the upper-left hand.

42. Defendants' web site prominently states, in their "Financing" section:

We know that many of our competitors claim that they can 'Guarantee Financing' in an effort to increase thier [sic] pool of potential buyers yet we all know that they rarely can deliver on this statement. Our Guaranteed Financing Program is not a gimmick. We deliver on this statement everyday. We are experts in the subprime market and really can help you purchase and finance a quality vehicle regardless of your past credit.

43. At the bottom of nearly every web page located at www.driveusa.com is the following text: "©2006 DriveUSA Superstores."

44. The www.driveusa.com web site prominently features the mark "DriveUSA" for use with automotive financing services. See **Exhibit 3**.

45. Defendants' driveusa.com web site allows any consumer to apply for financing and to file a pre-approval application to be serviced by Defendants regardless of their location.

46. The corporate officers of Defendant Inofin are also the corporate officers and managers of Drive USA 3 and the retail car dealership DriveUSA located in Providence, Rhode Island, which, by virtue of both entities use of the "DriveUSA" mark, infringe upon the trademark rights of Drive in the Drive Marks.

47. Defendants Mark Walsh, Drive USA 1, Drive USA 2, Drive USA 3, Drive USA 4 and Inofin share resources such as the driveusa.com website and toll-free number, 1-888-DriveUSA, that infringe upon the trademark rights of Drive in the Drive Marks.

48. In addition, Mark Walsh, DriveUSA and Inofin all share the exact same primary business address for corporate operations at 55 Accord Park Drive, Rockland, Massachusetts 02370, creating an association with the "DriveUSA" mark that creates a source of confusion, affiliation, or endorsement that is contrary to and infringes the trademark rights of Drive in the Drive Marks.

49. Defendants' use of the "DriveUSA" mark infringes upon the trademark rights of Drive in the Drive Marks.

50. Defendants' use of the "DriveUSA" mark is confusingly similar to one or more of the Drive Marks, and is made without regard to the goods or services of Drive.

51. Defendants' use of the "DriveUSA" mark dilutes the distinctiveness of one or more of the Drive Marks.

52. Defendants' use of the "DriveUSA" mark is likely to cause confusion, mistake, and/or to deceive Drive's customers and potential customers as to the existence of some affiliation, connection, or association of Drive with one or more of the Defendants, their driveusa.com web site, or its advertisers, agents, or affiliates.

53. Defendants' use of the "DriveUSA" mark is further likely to cause confusion, mistake, and/or to deceive Drive's customers and potential customers as to the origin, sponsorship, or approval by Drive of the Defendants' products and/or services.

54. Defendants' use of the "DriveUSA" mark enables the Defendants to trade on and receive benefit from the goodwill built up by Drive at great labor and expense over many years, and as a result of the reputation and goodwill associated with the Drive Marks.

55. Defendants' use of the "DriveUSA" mark dilutes the distinctive quality of one or more of the Drive Marks by blurring in that Drive cannot control the nature and quality of the products, services, and/or information provided at the driveusa.com web site, and as such, places the valuable reputation and goodwill of Drive in the hands of one or more Defendants, over whom Drive has no control.

56. Defendants' use of the "DriveUSA" mark is likely to cause, and upon information and belief, has caused confusion and mistake among consumers as to source, sponsorship, and approval of Defendants' goods and services, and as to affiliation, connection, or association between one or more of the Defendants and Drive.

57. Drive has been damaged and irreparably harmed by Defendants' use of the "DriveUSA" mark, and Drive will continue to suffer irreparable harm unless the Court enjoins these wrongful actions.

## VI.
## COUNT I – DECLARATORY JUDGMENT THAT DRIVE'S TRADEMARK REGISTRATIONS ARE VALID AND ENFORCEABLE UNDER THE REQUIREMENTS OF THE U.S.P.T.O. AND THE LANHAM ACT

58. Drive incorporates the allegations set forth in Sections I through V, supra.

59. An actual case or controversy exists between Drive and the Defendants as to whether Drive has the right to use the trademarks they created under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and that Drive's U.S. Trademark Registration No. 3,081,262 for the standard word mark "DRIVE" and U.S. Trademark Registration No. 3,081,414 for the standard word mark "DRIVE FINANCIAL SERVICES" are valid and enforceable registrations as issued by the United States Patent and Trademark Office ("U.S.P.T.O.").

60. On July 2, 2004, Inofin filed a trademark application for the mark "DriveUSA" in International Classes 35, 37, 39 and 36 for, specifically, "Financing services namely; auto loans, vehicle loans, assisting borrower in applying for loans, preparing and originating auto loan forms". On January 4, 2006, Drive Trademark Holdings LP filed its Notice of Opposition against the application. Subsequently, Inofin filed a request to divide the above-identified application, on February 22, 2007. Inofin then filed an assignment of its entire interest in the "DriveUSA" application, Serial No. 78445657, for services in Internal Class 36 to Mark Walsh. Yet, to this day, Inofin continues to utilize, advertise and promote the "DriveUSA" through its management of the Drive USA 3 corporation and the associated retail car dealership under the "DriveUSA" name despite its prior representations that all rights were assigned to Mark Walsh.

This use by Defendants Inofin, Mark Walsh and DriveUSA infringes and dilutes the trademark rights of Drive in connection with the Drive Marks.

61. A judicial declaration is therefore necessary and appropriate so that Drive may ascertain its rights regarding the use of its trademark registrations under 15 U.S.C. §§ 1051 et seq.

62. Drive created, developed and has continuously utilized the Drive Marks since 1999 and seeks a declaration that it owns and has the right to use its trademarks for any and all purposes and that the Drive Marks are valid, enforceable and federally registered marks protectible under the Lanham Act as issued by the U.S.P.T.O. In addition, Drive seeks a declaration that the Defendants are not entitled to a federal registration for the mark DriveUSA.

## VII.
## COUNT II -- FEDERAL TRADEMARK INFRINGEMENT

63. Drive incorporates the allegations set forth in Sections I through VI, supra.

64. The Lanham Act, 15 U.S.C. §§ 1051 et seq., prohibits a person from using substantially similar marks which are likely to confuse consumers as to the sources of the product.

65. The Drive Marks are federally registered marks that are protected by the Lanham Act.

66. Defendants are using, in commerce, marks in connection with the sale, offering for sale, distribution, or advertising of goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, source, affiliation or endorsement of the Defendants' goods and services, and as to affiliation, connection, or association between one or more of the Defendants and Drive.

67. Defendants' infringement is causing substantial and irreparable injury to Drive's business, reputation, and goodwill.

68. Defendants' infringement has continued in spite of Defendants' constructive and actual knowledge of Drive's rights in the Drive Marks.

69. Drive has no adequate remedy at law. Defendants' infringement has caused, and if not enjoined, will continue to cause, irreparable damages to Drive, one or more of its registered Drive Marks, and its business reputation and goodwill, for which monetary relief will not fully compensate.

## VIII.
## COUNT III - FALSE DESIGNATION OF ORIGIN

70. Drive incorporates the allegations set forth in Sections I through VII, supra.

71. Defendants, in connection with goods or services or any container for goods, used in commerce words, terms, names, symbols, devices, or any combination thereof a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Drive with one or more of the Defendants, or as to the origin, sponsorship, or approval of Defendants' use of the "DriveUSA" mark, in violation of 15 U.S.C. § 1125(a).

72. The unauthorized use by Defendants of the "DriveUSA" mark has had, and unless restrained, will continue to have the consequent result of saturating and overwhelming the market, thereby causing Drive to lose the value of their valuable Drive Marks, cause damage to Drive's integrity, and cause Drive to lose control over its goodwill and reputation, for which Drive has no adequate remedy at law.

## IX.
## COUNT IV -- COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

73. Drive incorporates the allegations set forth in Sections I through VIII, supra.

74. The unauthorized use by Defendants of the "DriveUSA" mark constitutes common law service mark infringement and unfair competition, in violation of the common and statutory law of Massachusetts.

## X.
## COUNT V – FEDERAL AND STATE UNFAIR COMPETITION AND TRADEMARK DILUTION

75. Drive incorporates the allegations set forth in Sections I through IX, supra.

76. Drive asserts causes of action for unfair competition pursuant to 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) and 15 U.S.C. § 1114(1) (Section 32) as well as pursuant to M.G.L. c. 93A, § 2 and 11.  Additionally, Drive asserts a cause of action for dilution pursuant to Tex. Bus. & Com. Code § 16.29 and/or M.G.L. c. 93A, §§ 2 and 11, M.G.L. c. 110H, § 13, and Massachusetts common law.

77. At all times relevant to this Complaint, both Drive and the Defendants were engaged in trade or commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

78. Defendants have engaged in an act likely to injure Drive's business reputation or to dilute the distinctive quality of the Drive Marks.

79. The Defendants committed unfair or deceptive acts or practices within the meaning of M.G.L. c. 93A, §§ 2 and 11 by the conduct alleged herein.

80. Pursuant to federal law, Tex. Bus. & Com. Code § 16.29, and/or M.G.L. c. 93A, §§ 2 and 11, Drive is entitled to bring this action to enjoin Defendants from injuring Drive's business reputation or diluting the distinctive quality of the Drive Marks.

81. The Defendants' unfair or deceptive acts or practices, as described above, were willful or knowing within the meaning of M.G.L. c. 93A, §§ 2 and 11.

## XI.
## WILLFUL INFRINGEMENT

82. Drive incorporates the allegations set forth in Sections I through X, supra.

83. Defendants' unlawful acts described herein have been made with full knowledge of Drive's rights in the Drive Marks. Such acts constitute willful violation of Drive's trademark rights, making this case exceptional pursuant to 15 U.S.C. §§ 1117 and 1125, and warranting treble damages under M.G.L. c. 93A, §§ 2 and 11, each entitling Drive to enhanced damages and reasonable attorneys' fees.

## XII.
## TRIAL BY JURY

84. Drive hereby requests a trial by jury on all claims so triable.

## XIII.
## PRAYER

For the reasons stated above, Plaintiffs, Santander Consumer USA Inc. and Drive Trademark Holdings LP pray that this Court:

(a) enter a declaration that Drive owns and has the right to use its trademarks for any and all purposes and that the Drive Marks are valid, enforceable and federally registered marks protectible under the Lanham Act as issued by the U.S.P.T.O.

(b) enter judgment permanently enjoining Defendants and their respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through, and under any of them, from any and all use of the marks, names and/or logos "DriveUSA," or any derivation thereof directly or indirectly, for themselves, or

through, on behalf of, or in conjunction with the sale or offer of any automotive financing services by Defendants;

(c) enter judgment in favor of Drive for actual and statutory damages in an amount to be determined by the Court, to that such damages be trebled to the extent the trier of fact determines that any of Defendants' acts are found to be willful and in intentional disregard of Drive's known rights;

(d) enter judgment in favor of Drive for infringer's profits, pursuant to 15 U.S.C. § 1117;

(e) enter judgment awarding Drive all costs of the action and reasonable attorneys' fees pursuant to the provisions of 15 U.S.C. § 1117;

(f) order Defendants to surrender to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements, or other materials bearing the name, logo, color scheme, trademark, or service mark of Defendants, or otherwise constituting a violation of 15 U.S.C. § 1125(a);

(g) order Defendants to certify to the Director of United States Patent and Trademark Office a decree or order ordering the cancellation of any registrations granted to Defendants for the infringing "DriveUSA" mark and order the express abandonment of any applications for registration of the "DriveUSA" mark;

(h) order Defendants to pay Drive pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in this Court's judgment; and

(i) Awarding Drive all such other and further relief, in law or in equity, to which it may be justly entitled as the Court deems appropriate.

Dated: October 22, 2008

Respectfully submitted,

**SANTANDER CONSUMER USA INC. and DRIVE TRADEMARK HOLDINGS LP**

By their attorneys,

/s/ Daniel K. Hampton
Daniel K. Hampton (BBO# 634195)
Damon M. Seligson (BBO# 632763)
Elizabeth R. Burkhard (BBO #666968)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
(617) 523-6850 (fax)
dan.hampton@hklaw.com
damon.seligson@hklaw.com
elizabeth.burkhard@hklaw.com

John F. Martin (*pro hac vice* pending)
GRUBER HURST JOHANSEN HAIL LLP
1445 Ross Avenue
Suite 2500
Dallas, Texas 75202-2711
214.855.6800
214.855.6808 (fax)
jmartin@ghjhlaw.com

Frank Alvarez (*pro hac vice* pending)
Nhut Tan Tran (*pro hac vice* pending)
HERMES SARGENT BATES, LLP
901 Main Street
Suite 5200
Dallas, Texas 75202
(214) 749-6534
(214) 749-6334 (fax)
frank.alvarez@hsblaw.com
nhuttan.Tran@hsblaw.com

# 5727675_v2